GRIFFIS, J.,
Concurring in Part, Dissenting in Part:
¶ 19. With much respect for the majority, I concur in part and dissent in part. I concur in the resolution of Issue V. I dissent as to Issues I-IV.
¶20. Mrs. Butler argues that the following testimony from the affidavit of Johnny F. Cmaidalka supports her claims. The “opinions” presented in Cmaidalka’s affidavit state:
(a) The public address system in use by the South Panola School District did constitute an electrical shock hazard to users and it did subject Janice Butler to an electrical shock resulting in injuries;
(b) It is impossible to say to any reasonable degree of electrical engineering probability that the public address system configured as it was on March 26, 1999 could not have caused an electrical shock to Janice Butler;
(c) The electrical shock hazard resulted from an equipment malfunction in the internal failure of a component or components within the public address system configuration subjecting all metal enclosures of the equipment as bonded together and to dangerous, abnormally high voltages not present when the equipment and components are operating properly;
(d) The fact that grounding between the components appeared to be present *392 is not dispositive of whether the components were, or any of them, connected to ground in such a manner as to constitute an effective ground paths which will reduce the hazards of electrical shock;
(e) The resistances of ground circuits were not checked. Loose, corroded, oxidized, missing, high resistance, or otherwise compromised ground connection within the source electrical wiring to the public address system will result in ineffective ground path and will not reduce a voltage impressed on the equipment to be safe levels and would nullify the effectiveness of a ground circuit while it might appear to untrained observer to be intact;
(f) Circuit breakers that may have been in place at the time of the accident were not designed to, intended to, and did not protect Janice Butler from electrical shock. Circuit breakers are installed to provide a safe means to de-energize a circuit and to protect the circuit wiring and equipment from overload conditions to prevent wiring and equipment from overheating to minimize the risk of fire. The only device designed to protect a person from electrical shock is a GFCI. Circuit breakers do not provide this level of protection;
(g) The reports of examinations of the configured systems do not reflect that ground circuits were checked for resistance or impedance. The [illegible word] resistance of a ground path must be sufficiently low for the equipment ground path to be effective and reduce the potential of electrical shock.
¶ 21. My concern with this affidavit is that it does not state with specificity any facts that would subject the defendants to liability. The “opinions” referenced above merely state that Mrs. Butler was shocked when she used the system.
¶ 22. Cmaidalka’s affidavit does not provide expert testimony that would support the Butlers’ claims. It does not establish that any of the defendants’ products, either separately or as component parts, were defectively designed or manufactured. It does not support her claims of negligence, breach of warranty, or res ipsa loquiter. The affidavit does not even provide evidence of what or where was the source of the electrical shock and subsequent injury.
¶ 23. Indeed, the majority recognizes this failure in the Butlers’ case when it states that “there is no agreement between the defendants’ experts as to the source of the shock.” It is not the defendants’ burden to prove the source of the shock. It is the Butlers’ burden to prove a defectively designed or manufactured product, negligent installation or maintenance, breach of warranty or that the theory of res ipsa loquitur applies. They did not.
¶ 24. Accordingly, I find that the summary judgment should be affirmed.
BARNES, J., JOINS THIS OPINION.